UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- x
THE DESIGN TEX GROUP, INC.             :
and PATTY MADDEN, INC.,                :
                                       :    04 Civ. 5002 (JSR)
            Plaintiffs,                :
                                       :    MEMORANDUM ORDER
            -v-                        :
                                       :
U.S. VINYL MANUFACTURING CORP. and     :
STEVEN W. McCLOUD,                     :
                                       :
            Defendants.                :
--------------------------------------- x

JED S. RAKOFF, U.S.D.J.

     Plaintiffs Design Tex Group, Inc. ("Design Tex") and Patty Madden, Inc. ("Patty Madden") allege that defendants, U.S. Vinyl Manufacturing Group ("U.S. Vinyl") and its chief executive officer, Steven W. McCloud, infringed on their copyright by producing a wallpaper pattern for sale to major hotel chains that differed only slightly from plaintiffs' copyrighted version. On February 24, 2005, the Court denied defendants' motion for summary judgment while reserving judgment on plaintiffs' cross-motion for summary judgment. See Order, 2/24/05. On March 31, the Court granted plaintiffs' motion for summary judgment. See Order, 3/31/05. This Memorandum Order states the reasons for that determination and makes provision for further proceedings.

     The pertinent facts, either undisputed or, where disputed, taken most favorably to the defendants, are as follows. Patty Madden created the Luxor Diamond wallcovering pattern over a period of several months in 1997. Declaration of Patty Madden("Madden Decl.") ¶¶ 6-10. The pattern consists entirely of elongated diamonds, which

alternate between a lighter and a darker shade of brown.  See
Comparison of Luxor Diamond and Painted Desert ("Comparison"),
attached to Madden Decl. as Exhibit 13.  Within each diamond is a
complex mix of white and lighter and darker shades of brown that
Madden calls a "crackle" background with a "lace swirl texture."
Id.; Madden Decl. ¶¶ 6-9.

Madden received a copyright registration on the Luxor Diamond
wallcovering pattern in 1998.  See Copyright Registration, attached
to Madden Decl. as Exhibit 5.  The pattern was first sold in January
1999, and its total sales have now exceeded $400,000.  Whalen Decl. ¶
4.  It has been featured in two industry magazines, Madden Decl. ¶ 3,
and thousands of samples have been distributed to designers and
potential customers.  Whalen Decl. ¶ 3.

Design Tex and its predecessor company, J.M. Lynne Co., Inc.
(collectively, "Design Tex"), are the exclusive licensees of the
Luxor Diamond pattern and Madden's other designs.  Declaration of
George Whalen, 1/21/05 ("Whalen Decl."), ¶ 2; Licensing Agreement,
10/1/92, attached to Whalen Decl. as Exhibit 2.  Design Tex made
several sales of Luxor Diamond wallcoverings to the hotel chain
Marriott International beginning in late 1999 and concluding in late
2001.  Whalen Decl. ¶ 5-7.  During that time, it shipped about twelve
samples of the pattern to Marriott.  Id. ¶ 5.

Sometime in late 2000, Design Tex bid to supply wallcovering
for Marriott's new project in Phoenix, Arizona.  Id.  While Design
Tex won its bid to provide two other designs for the Phoenix project,

2

Marriott passed over the Luxor Diamond design in favor of U.S. Vinyl's Painted Desert wallcovering. See Work Order, 5/30/01, attached to Declaration of Marc A. Lieberstein, 1/20/05 ("Lieberstein Decl."), as Exhibit 17. Since 2001, Marriott has never made "significant" purchases of Luxor Diamond. Whalen Decl. ¶ 8.

Exactly how the Painted Desert design was developed remains a mystery. What is known is that, on April 16, 2001, Marriott sent a letter addressed to U.S. Vinyl's Carolyn Kilborn, inviting the company to bid on the Phoenix project by April 25. See Marriott Letter of April 16, 2001, attached to Lieberstein Decl. as Exhibit 1. The letter stated: "Enclosed are the specification sheets for each item you are being asked to quote." Id. U.S. Vinyl has been unable to produce those specification sheets. At her deposition, Kilborn said she had no memory of this bid request. Deposition of Carolyn C. Kilborn, 1/6/05 ("Kilborn Dep."), at 51. The words "bid request" are written on the document in the handwriting of U.S. Vinyl's Ruby Narmore, id. at 52; Deposition of Ruby Narmore, 1/6/05 ("Narmore Dep."), 25, but Narmore also asserts she has no memory of the document. Narmore Dep. at 24. There is no evidence in the record of the further correspondence between the companies that resulted in U.S. Vinyl's receiving the contract.

On May 8, Marriott sent a letter addressed to Narmore, with copy to Kilborn, instructing U.S. Vinyl to "begin artwork" on three vinyl patterns that needed to "be developed." See Marriott Letter of May 8, 2001, attached to Lieberstein Decl. as Exhibit 15. The letter

3

stated that samples of the patterns were enclosed and instructed U.S. Vinyl to return those samples with its artwork "for comparison purposes." Id. Narmore, Kilborn, and McCloud all deny any memory of this document. Narmore Dep. at 24; Kilmore Dep. at 71-72; McCloud Dep. at 60, 74-76. U.S. Vinyl has produced a crude diamond pattern that it asserts must be one of the samples provided by Marriott, although no employee can testify to the sample's authenticity. While the pattern supposedly sent by Marriott is also a diamond pattern, the diamonds are shaped quite differently, with not nearly the same elongation. There is a handwritten note on this pattern, signed by Narmore, instructing U.S. Vinyl's in-house artist Vladimir Ponizhaylo to "reinterpret" it quickly. See Sample, attached to Declaration of Arthur M. Peslak, 1/21/05, as Exhibit 3.

All U.S. Vinyl employees deposed assert that Ponizhaylo was the sole creator of Painted Desert, and no one saw him create the pattern or has any knowledge of how the pattern was created. See, e.g., McCloud Dep. at 116-20. U.S. Vinyl could produce no preliminary sketches or any other evidence of stages in the pattern's development. Id. at 112. Ponizhaylo, who left the company in 2002, id. at 46, did not appear at a deposition after having been subpoenaed by plaintiff. See Notice of Deposition, 10/25/04, attached to Lieberstein Decl. as Exhibit 12; Notary's Certification, 11/18/04, attached to Lieberstein Decl. as Exhibit 13.

What is known is that U.S. Vinyl had finished creating Painted Desert by May 30, just three weeks after Marriott instructed it to begin developing the pattern, and began delivering it in June.

4

See Work Order of May 30, 2001, attached to Lieberstein Decl. as Exhibit 17; Work Order of June 8, 2001, attached to Lieberstein Decl. as Exhibit 16; Invoices, attached to Lieberstein Decl. as Exhibit 18 ("Invoices"). U.S. Vinyl sold 19,454 linear yards of Painted Desert to Marriott for the Phoenix property, all by May 24, 2002. See Invoices. Since then, it has sold only 420 linear yards of Painted Desert. See Sales History, attached as Exhibit 19 to Lieberstein Decl.

Painted Desert is identical or very substantially similar to Luxor Diamond in nearly all relevant respects. Like Luxor Diamond, Painted Desert is comprised of alternating light and dark elongated diamonds, which are of precisely the same shape as the ones in Luxor Diamond: both patterns' diamonds have 124-degree obtuse angles and 56-degree acute angles. See Comparison.[1] Although Painted Desert is somewhat darker and has less subtle swirl patterns, the overall color scheme and "crackle" design are recognizably the same.[2] Id.

Against this background, the Court turns to plaintiffs' motion for summary judgment on their copyright infringement claim.

---

[1] Because the reproductions of the patterns submitted with the parties' papers had lost some precision in copying and in being shrunk to the size of a page, the Court accepted into evidence at oral argument samples of the actual patterns.

[2] Madden has submitted additional analysis of the patterns based on various procedures she performed on the computer program Adobe Photoshop. See Madden Decl. ¶¶ 14-15; Photoshop Comparison, attached to Madden Decl. as Exhibit 15. Defendants object that this constitutes expert testimony from a non-disclosed expert. Because the Court does not need to consider Madden's Photoshop analysis to decide the motion, defendants' objection is moot.

5

Prevailing on such a claim requires proof that (1) plaintiffs own a valid copyright in the pattern allegedly infringed, (2) defendants actually copied plaintiffs' pattern, and (3) there is a substantial similarity between defendants' pattern and plaintiffs' pattern. See Lipton v. Nature Co., 71 F.3d 464, 469 (2d Cir. 1995); Dan River, Inc. v. Sanders Sale Enter., Inc., 97 F. Supp. 2d 426, 429 (S.D.N.Y. 2000). There is no dispute that plaintiffs have satisfied the ownership prong or that there is substantial similarity between the works. The only real question, then, is whether defendants actually copied plaintiffs' pattern.

Plaintiffs are not required to submit direct evidence of actual copying, which is rarely available. Where the two works are so "strikingly similar" as to preclude any possibility that the second work was independently created, no more evidence is necessary. Gaste v. Kaiserman, 863 F.2d 1061, 1067-68 (2d Cir. 1988). Alternatively, where the similarities are "probative" of copying but not conclusive, plaintiffs may complete their case by also submitting evidence that defendants had access to the copyrighted pattern. See Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 123 (2d Cir. 1994).

Having examined both patterns closely, the Court concludes that any reasonable juror would find them "strikingly similar." The fact that some minor details have been modified is immaterial. See Dan River, 97 F. Supp. 2d at 428, 430. In addition, it is clear that defendants had access to Luxor Diamond, which was widely circulated within the industry and could easily have been obtained by any

competitor. Moreover, while there is no direct evidence that Marriott sent Luxor Diamond to U.S. Vinyl or instructed defendants to copy it, the circumstances under which Painted Desert was created are highly suspicious. Finally, defendants have been unable to produce any records or witnesses that could attest to their pattern's independent creation.

Defendants argue (with no admissible evidence to support the claim) that Ponizhaylo worked from the sample they have produced rather than from Luxor Diamond; but Painted Desert and Luxor Diamond are far more similar to each other than either is to the sample defendants claim came from Marriott. It is almost as unreasonable to hypothesize that Ponizhaylo modified the sample in such a way that his results happened to coincide almost precisely with the Luxor Diamond design as it is to hypothesize that he came up with Painted Desert completely on his own. Under these circumstances, a jury would have no choice but to find that U.S. Vinyl copied Luxor Diamond in creating Painted Desert.

Accordingly, confirming the Court's order of March 31, 2005, plaintiffs' motion for summary judgment on their copyright infringement claim is hereby granted. Defendants are permanently enjoined from making and selling the Painted Desert pattern. The parties are directed to jointly telephone the Court by no later than May 16, 2005 to set a briefing schedule for determining damages.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       April 27, 2005